JAMES A. KEOWN vs. MARY E. KEOWN & others.

Suffolk.   March 5, 6, 7, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction*, Trust concerning land.   *Trust*, Concerning land.

A bill in equity by a husband against his wife, alleging that the plaintiff caused cer-
tain parcels of real estate which he had paid for to be conveyed to the defendant,
who "expressly agreed and declared that she held the title to said real estate for
the benefit of the plaintiff," sets forth no valid trust, the alleged declaration of
defendant not being alleged to be in writing as required by R. L. c. 147, § 1.

A bill in equity seeking to establish a trust in land alleged that the defendant
made "a good and sufficient declaration of trust in favor of the plaintiff"
but also contained an allegation that a year before the time of the alleged
declaration the land by procurement of the plaintiff was conveyed to a person
other than the defendant, and it was *held*, that, assuming that the averment
quoted should be interpreted to mean that the defendant made a declaration
in writing, such a declaration could establish no trust in land that did not stand
in the name of the defendant.

BILL IN EQUITY, filed in the Superior Court on April 6 and
amended on October 8, 1917, containing, as amended, the alle-
gations which are described in the opinion.

The defendants demurred to the amended bill, and the case
was heard on the demurrers by *Fox*, J., who made an order
sustaining the demurrers. Later by order of the judge a final
decree was entered dismissing the bill; and the plaintiff appealed.

*J. A. Keown*, pro se.

*F. J. Muldoon*, for the defendants.

DE COURCY, J.   This suit is before us on the plaintiff's appeals
from orders sustaining the demurrers and from the final decree
dismissing the amended bill.   The record improperly contains
other matters which cannot be now considered, including a
"petition to enjoin an action at law," an "affidavit contradicting
due and timely service of notice," and an "appeal" from an order
of a judge of the Superior Court striking from the record an
alleged "bill of exceptions."

The bill in equity is informal and confusing; and the plaintiff's

brief is devoted largely to matters not relevant to the issues raised by the demurrers. The main purpose of the bill is to compel the defendant Mary E. Keown, the wife of the plaintiff, to convey to him five parcels of real estate, and to account to him for the rents and profits. The title of the several parcels is set forth in the bill as follows: The first lot, on High and Oxford streets in Lynn, was purchased by him for $5,500 November 2, 1902, but the conveyance was made to his mother, Annie Keown. On April 25, 1904, she conveyed it to a corporation named the Wage Workers' Co-operative Emergency Hospital, receiving no consideration except a mortgage back for $7,500. This mortgage was assigned, on May 17, 1907, to the plaintiff's wife (the defendant Mary E. Keown); it was foreclosed on June 26, 1911, and the title was conveyed to her. On May 10, 1912, the property was mortgaged to a savings bank to secure a loan of $6,000. Two days later a conveyance was made to Margaret T. Hughes and she gave back to said Mary E. Keown a mortgage thereon for $11,000. The second parcel is on Hancock Street in Auburndale. The bill states that this was conveyed to the defendant Mary E. Keown in exchange for land in Alhambra, California, the title of which also was in her, although the consideration is alleged to have been paid by the plaintiff. Apparently there is no mortgage on this lot, but it is under attachment in an action to recover for repairs, and the taxes are in arrears. The third lot is in San Diego, California. This was conveyed to the defendant Mary E. Keown April 19, 1912, but the plaintiff alleges that the consideration (the amount of which is not stated), was money earned by him as a physician. The fourth lot is in Los Angeles County, California. The plaintiff alleges that this was conveyed to said Mary E. Keown on or about March 27, 1912, but that he paid the purchase price. The fifth lot is on 25th Avenue, San Francisco. In the original bill it is alleged that the defendant Mary E. Keown had arranged to purchase this land before her marriage to the plaintiff; and had paid $500 on account. In the amended bill it is further alleged that the conveyance was made in 1907, and that the plaintiff "has paid in part payments the purchase price."

Before considering whether the plaintiff has set up any ground for equitable relief against his wife, Mary E. Keown, it is plain

that no case is stated against the other defendants.  The only allegation as to Eugene F. Trudo and Margaret A. Sullivan is that they "are necessary parties to the final determination of these matters."  The defendant James J. Hughes is not even named in the bill, so far as we have discovered.  Margaret T. Hughes was made a party defendant; but the bill alleges that she is dead and that no administrator has been appointed for her estate.  It appears in the record that James J. Hughes was appointed administrator and was allowed to come in and defend on November 5, 1917; but the plaintiff has not made him a party.  As to all these parties at least the court rightly sustained the demurrers and dismissed the bill.

We now consider the allegations as to Mary E. Keown, hereinafter referred to as the defendant.  Although the plaintiff prays for a conveyance to himself of the five parcels of real estate, what he apparently seeks' is to have her legal title impressed with a trust in his favor.  It is not contended that the legal title to any of this property ever was in the plaintiff's name.  On the other hand, the allegations are that the record title as above set forth was all in accordance with his voluntary consent and procurement.  No question arises here as to a trust resulting by implication of law, and we need not consider the difficulties in the path of such a claim, if made.  *Pollock* v. *Pollock,* 223 Mass. 382.  *Whitten* v. *Whitten,* 3 Cush. 191, 197.  *McGowan* v. *McGowan,* 14 Gray, 119.  *Cairns* v. *Colburn,* 104 Mass. 274.  *Edgerly* v. *Edgerly,* 112 Mass. 175.  *Cormerais* v. *Wesselhoeft,* 114 Mass. 550.  *Fitzgerald* v. *Fitzgerald,* 168 Mass. 488.

What the plaintiff relies on throughout is the alleged existence of an express trust in his favor.  The furnishing of the purchase money in whole or in part is set out merely as the basis or consideration for the alleged promises of the defendant namely, that she "expressly agreed and declared . . . that she held the title to said real estate for the benefit of the plaintiff."  Obviously these are oral declarations, and they cannot avail the plaintiff, by reason of R. L. c. 147, § 1: "No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by an instrument in writing signed by the party or by the attorney of the party creating or declaring the trust."  There is an allegation as to the Lynn property that in February,

1913, the defendant made "a good and sufficient declaration of trust in favor of the plaintiff." Assuming that by this is meant a declaration in writing, it does not help the plaintiff in view of his allegations that the title to this property was placed in the name of Margaret T. Hughes, by his procurement, as long ago as 1912.

It is clear that the plaintiff's bill does not set out a case entitling him to the relief he seeks in equity of impressing the real estate in his wife's name with a trust in his favor. As already stated, when the equity of redemption in the Lynn property was conveyed to Margaret T. Hughes, she gave back to the defendant a mortgage for $11,000. The bill contains no prayer with reference to this mortgage, nor is it referred to in the brief. But to avoid misapprehension, it may be said that, if the plaintiff should be advised that he has any claim on said mortgage, and should seek to enforce such claim, the dismissal of this bill is not to prejudice his rights in such suit. It should be added that we have not considered the California law, to which the plaintiff devotes a portion of his brief. The law of that State on which the plaintiff based his rights should have been set out as a fact. *Electric Welding Co. Ltd.* v. *Prince,* 200 Mass. 386. *Russell* v. *Joys,* 227 Mass. 263. *Peters* v. *Equitable Life Assurance Society,* 200 Mass. 579, 588.

*Decree affirmed with costs.*