## KEOWN v. KEOWN et al.

(District Court, D. Massachusetts.   May 19, 1919.)

### No. 859.

1. JUDGMENT ⬅⟞828(3)—RES JUDICATA—CHOICE OF STATE COURT AS FORUM—BINDING FORCE OF DECREE.

   A husband, having chosen a state court to litigate his rights to property in the possession of and claimed by his wife, cannot be permitted to experiment again, after decree there adverse to him, in the federal court, though he has petitioned the United States Supreme Court to grant certiorari to the state court, which does not enlarge his rights.

⬅⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRUSTS ⊚⊶17, 18(3)—ORAL DECLARATIONS—LAND.

In California, under Civ. Code Cal. § 852, as in Massachusetts, oral declarations of trust as to realty are not binding.

3. TRUSTS ⊚⊶2—TRUSTS INVOLVING REAL ESTATE—LAW GOVERNING.

As to a trust involving real estate in Massachusetts, Massachusetts law governs; as to one involving real estate in California, California law governs.

4. FRAUDS, STATUTE OF ⊚⊶150(1)—PLEADING—DEMURRER.

In suit by a husband to recover realty from his wife, the husband relying on the wife's oral declaration of trust, the state court had power to consider questions under the statute of frauds on the wife's demurrer to the bill.

5. TRUSTS ⊚⊶61(3)—TERMINATION—SALE WITH CONSENT OF BENEFICIARY—EFFECT.

Where a wife made a declaration of trust as to realty in favor of her husband, but the property was subsequently sold to a third person with the husband's consent, he cannot recover the realty.

6. TRUSTS ⊚⊶35(1)—DECLARATIONS IN FAVOR OF HUSBAND—TRUST IN MORTGAGE.

Where a husband paid for realty, which was conveyed to his wife under declaration of trust in his favor, and the wife, with his consent, sold it, and the purchaser, with the husband's consent, made the mortgage to the wife, who expressly agreed she held it for the benefit of her husband, the husband is entitled to the mortgage.

7. EQUITY ⊚⊶26—DAMAGES FOR CONVERSION.

A suit in equity is not the proper way to recover damages for property wrongfully converted, except special and peculiar chattels, papers, and documents which cannot be replaced, such as an attorney's certificate of admission to the bar or a certificate to practice medicine in a state.

In Equity. Suit by James A. Keown against Mary E. Keown and others. On defendants' motion to dismiss. Motion of all parties defendant except the named defendant allowed, and bill dismissed as to them. Motion of the named defendant to dismiss the bill denied.

James A. Keown, of Lynn, Mass., in pro. per.

Freeman Hunt, of Boston, Mass., for defendants Keown, Hughes, Administrator, Trudo, and Sullivan.

Charles E. Allen, of Boston, Mass., for defendant Poling.

MORTON, District Judge. The bill is confused and informal; but consideration must be shown to parties who endeavor to act for themselves, however ill-advisedly, in court proceedings. The gist of it is that the plaintiff's wife (who is the principal defendant) obtained the title to several parcels of real estate, which either were bought with the plaintiff's money, or belonged originally to the plaintiff's mother, by expressly agreeing to hold such titles for the plaintiff's benefit; that as to one parcel she made a written declaration of trust, which the plaintiff at one time had in his possession; that she has repudiated her agreements, and is holding the real estate or the securities into which it has been converted, for her own benefit; that she has taken from him practically all his personal property, including, inter alia, said declaration of trust, and his certificates of admission to the bar and to practice medicine in this state, and refuses to give them up; and that, having done so, she "threw him into the

street penniless and homeless." The relief prayed for is that she shall return the real estate, or proceeds of it, and shall account for the rents and profits, and that she shall return the personal property, papers, and documents.

[1] The plaintiff, before instituting the present suit, brought one in the state court in Massachusetts, in which a demurrer was sustained and a final decree was entered against him. Keown v. Keown, 230 Mass. 313, 119 N. E. 785. See, also, s. c. 231 Mass. 404, 121 N. E. 153, and Keown v. Hughes (Mass.) 123 N. E. 98. The record in Keown v. Keown, supra, was offered in evidence without objection on the hearing of this motion, and has been considered. Those decisions settled substantial rights and are binding upon the plaintiff as far as they go. Having chosen his forum, litigated, and lost, he cannot be permitted to experiment again in another court. The fact that he has, according to his statement, petitioned the United States Supreme Court to grant certiorari to the Massachusetts courts, does not enlarge his rights in these proceedings.

A comparison of the present bill with that on which the judgment of the state court was rendered shows that, as concerns the real estate, the two are largely identical. The only points open to the plaintiff in this suit are those there left undetermined, viz. the effect of the California law on the plaintiff's claim, the plaintiff's rights in the $11,000 mortgage given by Margaret E. Hughes to Mrs. Keown, and his claim to personal property described in the bill.

[2-5] The California law now relied on by the plaintiff relates only to the rights inter se of husband and wife. The decision of the Massachusetts court was not rested on any principle which would have been different if the California law had been before it. The bill is based, as the state court pointed out, not on an alleged trust resulting by implication of law, but on express agreements by the wife to hold the property in question for the plaintiff's benefit. In California, as in Massachusetts, oral declarations of trust are not binding. Kerr's California Codes, vol. 2, § 852. As to the real estate in Massachusetts, of course, the Massachusetts law governs; as to that in California, the California law; but in neither state can the plaintiff recover on an oral declaration of trust concerning real estate. The state court had the power to consider questions under the statute of frauds on demurrer, and it was plainly in the interest of justice and avoidance of expense to do so. The declaration of trust as to the Lynn real estate, which I understand to have been in writing, affords no ground for recovery, because, as the Supreme Judicial Court points out, that property, according to the allegations of the bill, was subsequently conveyed by Mrs. Keown, with the plaintiff's consent, to Margaret E. Hughes, who gave back said $11,000 mortgage, which Mrs. Keown now holds, and which the plaintiff seeks to recover.

[6] The final question as to the real estate transactions described in the present bill is whether the plaintiff has stated a case for relief as to said mortgage. The bill contains allegations that the property in return for which the mortgage was given was paid for by the plaintiff, and that Mrs. Keown, at the time when, with his assent,

the mortgage was made to her, "expressly agreed and declared that she held [it] for the benefit of the complainant who retained the entire beneficial interest therein" (clause XXII). If these statements are established, the plaintiff is entitled to the mortgage; and the only question is whether he can sue his wife to get it. The opinion of the state court assumes that he can do so; and for the purposes of this demurrer I accept that view.

[7] As to the personal property: A suit in equity is not the proper way in which to recover damages for personal property wrongfully converted or withheld, except special and peculiar chattels, papers, and documents, which cannot be replaced, like the certificates above referred to, and perhaps some other things mentioned in the bill, as to which the plaintiff would be entitled to a decree for the return of the specific property.

From what has been said it follows that the plaintiff is not entitled to an injunction pendente lite restraining the alienation or incumbrance of the various parcels of real estate, and that the motions to dismiss of all parties but Mary E. Keown should be allowed, and as to them the bill dismissed. In view of the formal stipulation by the defendants not to convey or incumber, which is sufficiently broad to include the mortgage, there seems no occasion for a preliminary injunction. The motion of Mary E. Keown to dismiss the bill is denied.