### KEOWN v. HUGHES et al.

(Circuit Court of Appeals, First Circuit. May 28, 1920.)

No. 1454.

1. **Judgment** ⊕⊃948(2)—**Defense of former adjudication cannot be raised by motion to dismiss.**

    The defense of former adjudication cannot properly be raised or determined on a motion to dismiss, unless the bill on its face presents fully the record of the former case.

2. **Judges** ⊕⊃51(3)—**Statute permitting affidavit of prejudice strictly construed.**

    Judicial Code, 21 (Comp. St. § 988), permitting the filing of an affidavit of personal bias or prejudice of a judge, is to be strictly construed,

---

and an affidavit which does not conform to its requirements, but was filed during term while matters were pending for decision before the District Judge, and stated no facts, but contained only irrelevant and scandalous charges reflecting on the judge and others, has no legal effect upon his right to continue in the case and will, moreover, be stricken from the records of the appellate court on its own motion.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Suit by James A. Keown against James J. Hughes and others. From a decree dismissing the bill as to certain defendants, complainant appeals. Reversed.

For opinion below, see 257 Fed. 851.

James A. Keown, of Boston, Mass., pro se.

Freeman Hunt, of Boston, Mass., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an appeal from a final decree of the District Court for the District of Massachusetts, dismissing, as to the four defendants, Hughes, Trudo, Sullivan, and Hughes, administrator, a bill in equity brought by the plaintiff against his wife, Mary E. Keown, as principal defendant, and five other defendants, including the four just named.

The bill alleges that the plaintiff's wife obtained title to five parcels of real estate, or to the securities based thereupon, or the proceeds of sales thereof, expressly agreeing to hold said real estate, securities, and proceeds in trust for the plaintiff; that she has repudiated this agreement; also that she has obtained various articles of his personal property, including a written declaration of trust as to the Lynn parcel, and also certain other valuable documents, and has refused to return them to her husband, with whom she is no longer living.

The four parties defendant against whom the bill was ordered dismissed by the District Court are described as follows:

(a) James J. Hughes is said to be the husband of Margaret T. Hughes, deceased, Margaret being the sister of the principal defendant, Mary E. Keown. Legal title to one of the parcels of real estate situated in Lynn is alleged to have been conveyed during her lifetime to the said Margaret. This is one of the parcels that the plaintiff seeks to recover. Hughes is also, as administrator of his said wife, made a party defendant.

(b) The defendant Eugene F. Trudo is described as the brother of the defendant Mary E. Keown. He is alleged to have acted as agent, apparently for the collection of rents of one of the parcels situated in Auburndale, and to a less extent of the Lynn property. The implication is that Trudo should account to the plaintiff for collections. But in this, as in other matters, the bill is confused and ambiguous.

(c) The defendant Margaret A. Sullivan is described as the aunt of the defendant Mary E. Keown, and is alleged to have made an attachment of the Auburndale parcel of property in "a fictitious suit without merit and as a part of a general combination to despoil the

complainant." A conveyance of this real estate, free from this attachment, is the relief sought.

A fifth defendant, Daniel A. Poling, is described as a tenant occupying the Auburndale property. The record states that on June 25, 1918, an answer was filed by this defendant; but this answer nowhere appears in the record.

The bill, which the plaintiff brings pro se, is, as the District Court said, confused and informal.

[1] All the defendants, except Poling, made motions to dismiss for want of equity. The District Court allowed these motions as to the defendants Hughes, Hughes, administrator, Trudo, and Sullivan, and entered a final decree in their favor. The motion of the defendant Mary E. Keown was denied. The plaintiff appealed to this court. The motions were allowed, not on the basis of want of equity, but on the ground that against these defendants the matters in controversy had been already determined by proceedings in the Supreme Judicial Court of Massachusetts. The District Court's opinion sets forth that the record in Keown v. Keown, 230 Mass. 313, 119 N. E. 785, "was offered in evidence without objection at the hearing of this motion and has been considered." But that record is made no part of the record now before us. We have no legal means of knowing what it contains. It is true that the second paragraph of the plaintiff's bill alleges as follows:

"That this action was entered in the superior court for Suffolk county, commonwealth of Massachusetts, by his attorney and contrary to his wishes, on or about April 7, 1917, in an action, numbered 14324 Equity, to recover the real property, and also one in the superior court of Essex county and numbered 1675 to recover the personal property, the docket entries in the two cases being attached to this complaint and marked Exhibits A and B, and made a part thereof. The complainant believes, and has reason to believe, and the docket and pleading tends to show, that he cannot, in the courts where he had entered his bills in equity, nor in any other court in Massachusetts to which he may remove the same can he get justice, owing to local bias and prejudice."

It is also true that the docket entries (Exhibit A, supra) indicate that in the Suffolk county case demurrers were sustained, and a final decree dismissing the bill affirmed, on a rescript from the Supreme Judicial Court, on January 11, 1918. The bill in this case was filed on June 3, 1918. The docket entries of the Essex county case do not indicate a final disposition of that case; nor is there anything before this court to indicate what relation, if any, the Essex county case had to the Suffolk county case, or to the case now before this court.

While the District Court, receiving the record in Keown v. Keown, 230 Mass. 313, 119 N. E. 785, in evidence, found that that case and the present case "are largely identical," he also found or ruled that the present case raised new issues as to the effect of the California law on the plaintiff's claim to a mortgage of $11,000, given by Margaret T. Hughes to the defendant Mary E. Keown, and also as to the claim to personal property described in the bill. But this finding or ruling as to the extent of the identity between the two cases rested upon a record which is not before us, either as pleading or as evidence; in

its absence the plaintiff is necessarily deprived of his legal right to a review by this court.

The plaintiff's third assignment of error is to the effect that the District Court could not, on its own initiative, make a finding of former adjudication, inasmuch as that issue was not made on the pleadings or records filed in this case.

It is clear that former adjudication should ordinarily be set up by plea or answer. See 9 Ency. Pleading and Practice, 612; Desert King Mining Co. v. Wedekind (C. C.) 110 Fed. 873, 877, where it is said to be well settled that a motion to dismiss is not a proper mode of raising the defense of former adjudication.

Of course, if a bill on its face presents fully the record of a former case, the question of estoppel may be raised by motion to dismiss or by demurrer. See 9 Ency. Pleading and Practice, 613; Greenup v. Crooks, 50 Ind. 410; Williams v. Cheatham (1896), 99 Ga. 301, 25 S. E. 698.

But frequently, perhaps generally, former adjudication involves close questions of fact, and not merely questions of law. Clearly there is not enough in the record before us to justify the attempt of the court below to determine this issue, on a motion to dismiss for want of equity. The defendants should have been allowed to plead this defense; under equity rule 29 (33 Sup. Ct. xxvi) the issue thus presented might then have been "separately heard and disposed of before the trial of the principal case in the discretion of the court." Compare Sanitary Street Flushing Machine Co. v. Studebaker Corp. (D. C.) 226 Fed. 797.

A similar or closely analogous situation was dealt with by this court in Sutton v. Wentworth, 247 Fed. 493, 499, 160 C. C. A. 3, et seq. See, also, Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Bartell v. United States, 227 U. S. 427, 33 Sup. Ct. 383, 57 L. Ed. 583; Foye v. Patch, 132 Mass. 105, 110, and cases cited. See, also, Hoseason v. Keegen, 178 Mass. 247, 59 N. E. 627; United States v. Cal. & Ore. Land Co., 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476.

While the record in this case was unusual, in that the plaintiff, in the second paragraph quoted above, expressly alleged that he had brought "this action" in the state court, yet as the motion to dismiss did not set up former adjudication, and as the record of the case in the state court is not made a part of the record before us, we are compelled to hold that the court below erred in dismissing the bill as to these four defendants.

The decree dismissing the bill as to these four defendants should be vacated; their motions to dismiss denied; answers should be filed raising all pertinent issues, including res adjudicata.

[2] The record presents another matter with which this court is constrained to deal. It is the obvious duty of this and of every other court to protect its records from being made a vehicle of scandal, insult and abuse of other courts, or of parties, or of witnesses. Erskine v. Garthshore, 18 Ves. Jr. 114; Green v. Elbert, 137 U. S. 615, 624, 11 Sup. Ct. 188, 34 L. Ed. 792; Kelley v. Boettcher, 82 Fed. 794, 797, 27 C. C. A. 177; 1 Foster, Fed. Pr. (4th Ed.) § 68; Langdon v.

Goddard, 3 Story, 13, 23, Fed. Cas. No. 8,061; Dan. Ch. Pl. & Pr. (6th Am. Ed.) 351; Ex parte Simpson, 15 Ves. 476; Story's Eq. Pl. (10th Ed.) § 270; Wierse v. United States, 252 Fed. 435, 442, 164 C. C. A. 359; Thornton, Attys. at Law, §§ 785–790.

In Ex parte Simpson, 15 Ves. 477, Lord Eldon said:

"If that which is stated is material to the issue, it may be false, but cannot be scandalous; if relevant, it is not impertinent, though scandalous in its nature; if relevant and pertinent, it cannot be treated as scandalous; and, if false, it must be dealt with in another way. But, if irrelevant, and especially if also scandalous, there would be much reason to regret that a court should not be armed with the power to protect parties from the expense, and its records from the stain, which too frequently arises from the introduction of irrelevant and scandalous matter upon affidavits in this jurisdiction."

And again:

"The court ought to take care that either in suit, or in this proceeding (in bankruptcy), allegations bearing cruelly on the moral character of individuals, and not relevant to the subject, shall not be put upon the record."

We are required to take notice of the fact that the record now before us contains irrelevant and scandalous matter, having no fit and proper place in the records of this or of any other court. We have no legal control over the records of the District Court; but, as the records of this court are chiefly but copies of records made in the District Court, action taken here to purge the records of this court from irrelevant and scandalous matter will naturally result in analogous action in the court below. We now refer to this scandalous matter only so far as necessary for proper dealing with it, not by repetition giving it further unnecessary currency.

After the argument of the motions to dismiss before District Judge Morton and pending a decision thereon, the plaintiff, appearing pro se, not a member of the bar of the District Court, filed on May 12, 1919, a document entitled "Affidavit of Bias and Prejudice," purporting to be made pursuant to section 21 of the Judicial Code (Comp. St. § 988). This document was not an affidavit of prejudice, within the requirements of said section 21. That section requires the affiant to "state the facts and the reasons for the belief that such bias or prejudice exists," and further provides that "no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith." Such affidavits are to be strictly construed. They must conform accurately to the statute. See Henry v. Harris (D. C.) 191 Fed. 868.

This statute came into the federal Code by the Act of March 3, 1911. But similar or analogous statutes have for many years been found in the codes of many of the states. See 23 Cyc. 591 et seq., and cases cited.

The necessity of strict construction of such statutes is well pointed out by Judge (afterwards Mr. Justice) Brewer, of the Kansas Supreme Court, in City of Emporia v. Volmer, 12 Kan. 622 (January term, 1874). See, also, Ex parte Glasgow (D. C.) 195 Fed. 780; Ex parte N. K. Fairbank Co. (D. C.) 194 Fed. 978; Glasgow v. Moyer,

225 U. S. 420, 32 Sup. Ct. 753, 56 L. Ed. 1147; Henry v. Speer, 201 Fed. 869, 120 C. C. A. 207.

In Ex parte American Steel Barrel Co., 230 U. S. 35, 33 Sup. Ct. 1007, 57 L. Ed. 1379, the Supreme Court, in an opinion dated June 16, 1913, by Mr. Justice Lurton, dealt with this statute. The court said, inter alia:

"The basis of the disqualification is that 'personal bias or prejudice' exists by reason of which the judge is unable to impartially exercise his functions in the particular case. It is a provision obviously not applicable save in those rare instances in which the affiant is able to state facts which tend to show not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice. It was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard. This is the plain meaning of the requirement that the affidavit shall be filed not less than 10 days before the beginning of the term."

Compare In re Honolulu Consol. Oil Co., 243 Fed. 348, 156 C. C. A. 128.

The provision in the statute to the effect that "such affidavit shall state facts and reasons for the belief that such bias or prejudice exists" is meaningless, unless construed to require the plaintiff, under oath, at least to assert facts from which a sane and reasonable mind may fairly infer bias or prejudice.

The affidavit on its face, as already indicated, fails to conform to the requirements of the statute. It is in substance nothing but a gross and irrelevant insult to the District Judge, to his father, a former Justice of the Supreme Judicial Court, and to the Supreme Judicial Court of Massachusetts, which has already adjudicated on some of the plaintiff's rights. It has no proper place upon the records of this court, and is hereby ordered struck therefrom.

In Wierse v. United States, 252 Fed. 435, 442, 164 C. C. A. 359, 366, the Court of Appeals for the Fourth Circuit, of its own motion, said, as to references in the brief to the District Judge, that they were "irrelevant, scandalous, and impertinent, and the court orders that the same be stricken therefrom"; and further (252 Fed. 443, 164 C. C. A. 367):

"This court will not permit one of the high character and standing of the learned judge who tried this case in the court below to be assailed in one of its records in such an unjust and unwarranted manner."

A fortiori, this court ought not to allow its records to be made a vehicle of irrelevant abuse of a state court, to which the highest obligations of comity and respect are due.

While it follows, as of course, that the filing of this document, misnamed "Affidavit of Bias and Prejudice," did not disqualify the District Judge from further judicial action in the case, we are not to be understood as intimating that it was his duty thereafter to hear the case, if he preferred to retire. It was for the judge himself to determine whether the gross insult to which he had been subjected had

or had not impaired his capacity to act in the plaintiff's matter with entirely judicial and dispassionate impartiality. For him to resolve any doubt in favor of the fallibility of human nature was an eminently proper course, provided he decided to follow it. But we would make it clear that the filing of this document had no legal effect upon his right to continue as judge in this cause.

Many of the observations herein made as to this document entitled "Affidavit of Bias and Prejudice" are applicable to the matter contained in the thirty-third paragraph of ·the plaintiff's bill, containing irrelevant charges against the defendant Mary E. Keown.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; neither party recovers costs of appeal.