GUISEPPE CIARLO *vs.* MARIA CIARLO.

Middlesex.   December 13, 1922. — April 11, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Resulting. *Husband and Wife. Statute of Frauds. Fraud. Equity Juris-*
*diction,* For relief from results of fraud. *Equity Pleading and Practice,* Amend-
ment after decree.

A suit in equity cannot be maintained against the divorced wife of the plaintiff to
   require her to reconvey to him all her right, title and interest in a certain parcel
   of real estate, where the allegations of the bill are that the plaintiff purchased
   the real estate with his earnings and "with no money or consideration furnished
   by the" defendant, "who was then his wife;" that the conveyance was in the
   name of both the plaintiff and the defendant as joint tenants, with the "under-
   standing that if at any time subsequent to acquiring said property," the plaintiff
   "should request her . . . to transfer to him all her right, title and interest in
   said property, she would do so," that it was understood "between the parties
   . . . that the defendant should take thereby no beneficial interest in the prop-
   erty by way of gift, settlement or advancement," and that "subsequent to the
   execution of this deed . . . the defendant began living a dissolute life and . . .
   upon April 5, 1921," "as a result of her profligacy and adulterous conduct,"
   the plaintiff was granted a divorce; and where there is no allegation that the
   alleged agreement between the husband and the wife was in writing or with a
   third person.
At the hearing of the suit above described, the judge found in substance that when
   the conveyance was made the defendant was named in the deed upon the
   distinct understanding that she would no longer continue her adulterous conduct;
   that she promised to be a true wife; that she did not have in mind at that time
   to keep her promise, but meant to continue her improper relations with men;
   that she did continue such relations and that finally she left her home and four
   small children, for whom her husband had cared since, and went to live with
   another man, with whom she had continued to live as his wife; that the plaintiff
   then procured a divorce from her on the ground of adultery. *Held,* that
      (1) The fraud of the wife was sufficient ground for maintenance of a suit
   for the conveyance sought, upon proper allegations being made in the bill;
      (2) The facts found not being within the scope of the bill, the plaintiff in the
   circumstances should be given an opportunity to amend the bill.

BILL IN EQUITY, filed in the Superior Court on July 19, 1921,
seeking a decree directing the defendant, the plaintiff's divorced
wife, to convey to the plaintiff all her right, title and interest in
real estate alleged to have been purchased by him and placed in
their joint names.

The answer, as amended, among other allegations alleged "that the plaintiff is not entitled to maintain said bill, by reason of the fact that no trust concerning land except such as may arise or result by implication of law, shall be created or declared, unless by a written instrument signed by the party, creating or declaring the trust, or by his attorney, and that no written instrument was signed by the party creating or declaring the trust;" and "that the plaintiff does not set forth in his bill of complaint sufficient grounds at law upon which to maintain said bill."

The suit was heard by *Sanderson,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge filed a statement of findings of fact. Material facts found by him are described in the opinion. By his order a final decree was entered directing the conveyance sought by the plaintiff. The defendant appealed.

The case was submitted on briefs.

*J. M. Graham,* for the defendant.

*J. H. Vahey & P. Mansfield,* for the plaintiff.

CARROLL, J. The plaintiff alleges in his bill of complaint that in April, 1912, he purchased a tract of real estate with his earnings, and "with no money or consideration furnished by the" defendant, "who was then his wife;" that the conveyance was in the name of both the plaintiff and the defendant as joint tenants, with the "understanding that if at any time subsequent to acquiring said property," the plaintiff "should request her . . . to transfer to him all her right, title and interest in said property, she would do so." It was understood "between the parties . . . that the defendant should take thereby no beneficial interest in the property by way of gift, settlement or advancement. . . . Subsequent to the execution of this deed . . . the defendant began living a dissolute life and . . . upon April 5, 1921, as a result of her profligacy and adulterous conduct," the plaintiff was granted a divorce.

In the Superior Court a decree was entered for the plaintiff ordering the defendant to make conveyance to him of all her title in the land. The judge found that when the property was purchased with the plaintiff's money, his wife, who previously had had improper relations with men, was named in the deed upon the distinct understanding, stated in the presence of her father, that

she would not thereafter have such relations; and that the plaintiff, relying upon her promise to be a true wife, caused her name to be inserted in the deed as a joint tenant of the property; that when the defendant promised to be a true wife she did not intend to keep her promise, but did intend to continue her improper relations with men. Thereafter she frequently committed adultery, and about two years before the hearing she left her home and children and went to live with another man, with whom she has continued to live as his wife.

Upon the allegations of the bill as drawn, the plaintiff is not entitled to relief. The averments are insufficient to establish a resulting trust for his benefit. Nothing is shown or alleged in the bill from which a resulting trust can be raised by implication of law or from the supposed intention of the parties and the nature of the transaction. See *English* v. *English,* 229 Mass. 11; *Keown* v. *Keown,* 230 Mass. 313; *Sigel* v. *Sigel,* 238 Mass. 587. The plaintiff relies on an express contract that the defendant would transfer to him her interest in the estate upon his request. No trust can result from such an express agreement and he is not entitled to relief on this ground. In addition to this the agreement was between husband and wife. See G. L. c. 209, § 2. Nor was the agreement in writing as required by the statute of frauds. "No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the trust or by his attorney." G. L. c. 203, § 1. *Keown* v. *Keown, supra.*

Although the plaintiff cannot recover on the case stated in the bill of complaint, the judge found that when the conveyance was made the defendant was named in the deed upon the distinct understanding that she would no longer continue her adulterous conduct; that she promised to be a true wife; that she did not have in mind at that time to keep her promise, but meant to continue her improper relations with men. "The defendant had had improper relations with men, and the plaintiff and defendant had had trouble about it. When the property in Watertown was purchased, the husband and wife had become reconciled, and the defendant asked the plaintiff to have her name put in the deed as a grantee with his own, promising to be true to him. He stated to her at the time, in the presence of her father, that he would

agree to have her named as grantee with the understanding that she would not in the future have improper relations with men. She was named as grantee with this understanding on her part, and said that if at any time she misbehaved, he might have a reconveyance of her interest in the property. The plaintiff, relying upon his wife's promise to be a true wife, caused her name to be put into the deed as a grantee. . . . At the time when she promised to be a true wife, [she] did not intend to keep her promise, but did intend to continue her improper relations with men. Thereafter she frequently committed adultery, and about two years ago she left her home and four small children, for whom her husband has cared since, and went to live with another man, with whom she has continued to live as his wife. Her conduct with this other man was the basis for her husband's divorce against her for adultery." If the wife intended when she made the promise to lead a decent life, to continue in a life of sin, a fraud was committed on the husband; and for this fraud, under proper pleadings, he can obtain relief. See *Frankel* v. *Frankel*, 173 Mass. 214. The defendant's intention, at the time the conveyance was made, as to her future acts, was a question of fact; and according to the findings of the judge, she then intended not to keep her promise to be a true wife, but did intend to continue her improper relations with men. *Commonwealth* v. *Althause*, 207 Mass. 32. This was a fraud upon the plaintiff for which he has a remedy in equity.

The finding of facts was not within the scope of the bill, but we think the plaintiff should be given an opportunity to amend his pleadings. He may apply to the judge who heard the case to amend his bill of complaint, and if permission is given to amend by setting out the fraud of the defendant as found by the court, and the amendment is allowed within sixty days from the filing of this rescript, the decree is to be affirmed; otherwise a decree is to be entered dismissing the bill.

*Ordered accordingly.*