ASHTON HAMILTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6844. Promulgated June 16, 1927.

Held that a transaction between a husband and his wife involving a going concern and all the assets thereof was a sale to the husband by the wife; that an annual payment made to the wife by the husband was a payment of purchase price and not a division of profits; and that the entire income of the business is taxable to the husband.

*Robert C. McKay, Esq.,* for the petitioner.
*F. O. Graves, Esq.,* for the respondent.

The petitioner herein seeks a redetermination of his income taxes for the calendar year 1922, for which the Commissioner determined a deficiency in the sum of $11,378.15, of which amount there is involved in this proceeding $9,698.56. The error alleged is the disallowance by the Commissioner of a deduction in the amount of $20,703.66 claimed by the petitioner to be due and owing by him to his wife by reason of a certain agreement, the substance of which, to the extent that it is disclosed by the record, is set forth below.

The petitioner in his pleading, as a basis for his contention herein, asserts the following:

That under the laws of the Commonwealth of Massachusetts, a wife is not authorized to make contracts with her husband;

That under the laws of the Commonwealth of Massachusetts, the rule denying the capacity of a wife to enter into a partnership agreement with her husband is intended for the protection of her interests and does not deprive her of her share in the profits where property from her separate estate is contributed as a part of the assets of the partnership.

### FINDINGS OF FACT.

The petitioner herein, a resident of Brockton, Mass., is the husband of Helen Wade Hamilton, who from 1907 to 1919 was the owner of a business of substantial size inherited by her from her father. The assets of the business consisted of both real and personal property. During this period the petitioner devoted his time to the business and received as compensation therefor 50 per cent of the net profits thereof.

On or about January 1, 1920, the petitioner and his wife entered into an oral agreement the material provisions of which were that the wife should convey to the petitioner all the assets of the business and that in consideration therefor, the petitioner should pay his wife $100,000 in cash and $150,000 out of the profits of the business, and in addition thereto 25 per cent of the profits for 1922 and succeeding years, the wife having agreed to waive her share of the profits for 1920 and 1921 in order that the petitioner might have more funds to apply upon the purchase price. The bank account theretofore carried in the name of the wife was, after the making of the agreement, carried in the name of the husband, but other than this there was no formal transfer of any part of the assets from Helen Wade Hamilton to the petitioner. The petitioner filed with the city clerk a certificate to the effect that he was the owner or proprietor of the business and carried on the business as his own, and exercised full dominion and control over all of the assets thereof. Twenty-five per cent of the net profits for the year 1922 amounted to $20,703.66. This amount was credited to the wife on the books of the company, but was not withdrawn by her during that year.

### OPINION.

GREEN: The petitioner herein has asserted two conflicting propositions: (1) That as a matter of law his wife was precluded by statute from conveying the assets of the business to him, and (2) that if such conveyance be a valid one, the 25 per cent of the profits to be paid by him to his wife is deductible as compensation, or as her proportionate share of the net earnings of the partnership.

The petitioner's counsel calls to our attention, and relies upon, the following provision of chapter 209 of the General Laws of Massachusetts:

SECTION 2. A married woman may make contracts, oral or written, sealed or unsealed, in the same manner as if she were sole, except that she shall not be authorized hereby to make contracts with her husband.

He neglected, however, to call to our attention the section of the law which reads as follows:

SECTION 3. Gifts of personal property, and conveyance of real estate other than mortgages, between husband and wife, shall be valid to the same extent as if they were sole, except that no such conveyance of real estate shall have any effect, either in passing title or otherwise, until the deed describing the property to be transferred is duly acknowledged and recorded in the registry of deeds for the district where the land lies.

The Supreme Judicial Court of Massachusetts had these two sections under consideration in the case of *English* v. *English*, 229 Mass. 11; 118 N. E. 178. In that case a husband, "intending to 'reserve the real estate away from the vicissitudes of business' and not to give his wife any beneficial interest but still to own the property if he happened to get into financial difficulties" conveyed certain real estate to his wife, the court finding that she received the conveyance for her own benefit and that of her family.

Of the legal effect of the transaction, the court said:

The title to the property under these circumstances vested absolutely in the wife as between herself and husband. A husband and wife cannot make contracts with each other. R. L. c. 153, § 2; St. 1912, c. 304. When either pays money or transfers or conveys property to the other, there is no presumption that it is received in trust. If a trust is alleged to exist, it must be proved. In the absence of such proof, it must be deemed that the money, property or conveyance was received with the intention, that it be applied to the use and benefit of either or both at the discretion of the recipient. *Jacobs* v. *Hesler*, 113 Mass. 157, 160, 161; *Clark* v. *Patterson*, 158 Mass. 388, 391, 33 N. E. 589, 35 Am. St. Rep. 498.

The court's opinion in the case just cited is ample authority for a conclusion on our part that the title to all of the personal property passed to the husband since he is in undisputed control thereof, with the knowledge and approval of the wife. Indeed, in any court of equity, she would be in a poor position to controvert the husband's title thereto since she had received a substantial consideration therefor.

The opinion in that case is not authority for a conclusion on our part that complete title to the real estate has passed to the husband. It is clear, however, that he has an equitable title thereto. It must be borne in mind that the wife has appeared before us and testified that all of the assets of the business were sold by her to her husband and that she has received and is receiving compensation therefor and also that there are no creditors protesting the validity of the conveyance. Likewise, it must be borne in mind that the husband is in possession with the approval of the wife, and that by deed she

may supply the defect of title. Under such circumstances we are not justified in holding that the husband has not purchased the property from his wife or that he is not the owner thereof. The courts of Massachusetts have in some instances set aside conveyances made under circumstances that were in part similar and have held void contracts between husband and wife. But the controversy was not between husband and wife. It was between one of them and creditors who felt themselves aggrieved by the conveyance or contract. No such circumstances exist here. There is nothing in the record to indicate the slightest dissatisfaction on the part of either the husband, the wife, or creditors.

We, therefore, conclude that for the purposes of Federal taxation the husband should be considered the owner of all of the assets of the business.

To us it appears that the payment to the wife of 25 per cent of the net profits of the business is in fact the payment annually of a part of the purchase price of the property. From this it follows inevitably that the 25 per cent of the net profits was income to the petitioner and that the payment to his wife was a capital expenditure for which he is entitled to no deduction. See *William B. Grise* v. *Commissioner*, 6 B. T. A. 743.

> *Judgment will be entered for the Commissioner after 15 days' notice, under Rule 50.*