Jessie G. Smith *vs.* Linus C. Coggan, administrator with the will annexed.

Suffolk.    January 17, 1928.— April 3, 1928.

Present: Rugg, C.J., Braley, Pierce, Carroll, & Sanderson, JJ.

*Equity Jurisdiction*, To relieve from results of fraud.  *Widow.   Contract,*
    Implied.   *Fraud.   Trust.*

Allegations in a bill in equity by a widow against the estate of her husband were that, in order that he might leave all his property to his children and grandchildren by his first wife, her husband orally promised to arrange to have the proceeds of certain life insurance paid to her if she would not contest his will or do anything to prevent the desired disposition of his property; that she assented to this arrangement; that after his death, but at a time not stated in the bill, she carried out her part of the agreement and the will was admitted to probate without her making a statutory waiver; and that after his death she discovered that the insurance had not been made payable to her.  The bill sought to have the proceeds of the insurance paid over to her.  On demurrer to the bill, it was *held,* that

(1) No fraud on the husband's part appeared upon which the bill could be maintained;

(2) Having given up nothing of value in reliance on the consideration promised, the plaintiff could not maintain the bill on the ground of failure of consideration;

(3) A trust did not result from the agreement;

(4) The plaintiff did not state a case for equitable relief and the demurrer must be sustained.

BILL IN EQUITY, filed in the Superior Court on February 9, 1927, and afterwards amended, and described in the opinion, against the administrator with the will annexed of the estate of Frank E. Smith.

A demurrer to the bill was heard by *Broadhurst*, J., who ordered the entry of an interlocutory decree overruling the demurrer and reported the case for determination by this court.

*G. L. Dillaway*, for the defendant.

*K. A. Sanderson*, for the plaintiff.

CARROLL, J. This case is before us on a report by a judge of the Superior Court, a stipulation being filed that if the demurrer is overruled a decree is to be entered directing the administrator with the will annexed to pay the plaintiff $3,000; if the demurrer is sustained the bill is to be dismissed.

The bill alleges that the plaintiff is the widow of Frank E. Smith; that shortly before he made his will he represented to her that he was worth about $12,000; that he had children by his first wife who were living; that he desired to leave his property for the benefit of his children and grandchildren; that he knew his wife had rights in his property "if she chose to exercise them after his death"; that he wished to arrange matters with her "so that she would allow him to leave his property" for the benefit of his children and grandchildren and would not contest his will or do anything to prevent this disposition of his property; that he informed her he had a policy or policies of life insurance for $3,000, and he would arrange to have the proceeds of this life insurance paid to her if she would allow him to leave his property for the benefit of his children and grandchildren; that she assented to this arrangement, and thereupon her husband made his will by which nothing was left to the plaintiff; that the plaintiff re-

lied on these representations and did not contest his will or waive the same under G. L. c. 191, § 15, and fully performed her part of the agreement; that she did not discover that the insurance was not payable to her until after the death of her husband.   She asked in her prayer for relief that the defendant be ordered to pay over to her the proceeds of the insurance.

Before the bill was amended, it alleged "After the time within which she could have waived said will under said statute had expired, she discovered that said insurance has not been made payable to her"; this was amended by striking out the words following "After the," namely, the words "time within which she could have waived said will under said statute had expired," and inserting in place thereof the words "death of Frank E. Smith," so that the sentence read: "After the death of Frank E. Smith she discovered that said insurance had not been made payable to her by the said Frank E. Smith, but on the contrary was made payable to his estate."

Under the bill as amended the plaintiff cannot recover because of fraud on the part of her husband in the representations made; nor can she recover because he intended not to perform the agreement he had made.   The bill, in our opinion, does not appear to justify either one of these assumptions.   The husband's statement was in effect that, if the wife would not insist on her rights in his property after his death, he would arrange to have the policy of insurance paid to her.   There is no allegation that she did not discover the fact that the policy was not made payable to her, within the time in which she could have waived the provisions of the will.   All that appears is that at some time after his death she discovered that the insurance was not payable to her. It is alleged that the plaintiff relied on her husband's promise that he would arrange to have the life insurance for $3,000 made payable to her; but she does not base her case on the contention that her reliance was brought about by fraud or that she acted or agreed as she did in ignorance of the fact that her husband had not assigned the policy or policies to her.   It does not appear why he failed to carry out his agree-

ment and make the policies payable to his wife.  The fact
that he failed to carry out the oral agreement is not of itself
a fraud for which equity will grant relief.  *Young* v. *Young,*
251 Mass. 218, 221.   There is no allegation that the husband
made the promise intending not to keep it.  See *Ciarlo* v.
*Ciarlo,* 244 Mass. 453, and cases cited.

Nor can the plaintiff recover because of the failure of con-
sideration.  She gave up nothing of value when she made
the agreement.  Her agreement looked to the future.  It
has been held that a wife who has parted with property in
reliance on a promised consideration which has failed may
recover the property or its value.  *Young* v. *Young, supra.*
This principle, however, does not help the plaintiff because
she surrendered none of her property.  In *Clark* v. *Supreme
Council of the Royal Arcanum,* 176 Mass. 468, the husband
promised to transfer to his wife a benefit certificate in which
his children by a former marriage were beneficiaries.  Rely-
ing on the promise the wife paid assessments on the certifi-
cate from September, 1892, to January, 1899, to the amount
of $330; and also paid to him money to the amount of $5,000.
On his death the widow brought a suit in equity to have the
death benefit made payable to her.  It was held that in so
far as the plaintiff relied on a contract, it was invalid under
our laws and could not be enforced in equity; that the plain-
tiff could not recover.  We are unable to distinguish this
case from the case at bar.

The plaintiff cannot recover on the contract made with
her husband.  She does not allege fraudulent acts or words
on his part sufficient to support her suit.  She cannot re-
cover on the ground that the consideration has failed.  Nor
does a trust result from the alleged agreement.  *Ciarlo* v.
*Ciarlo, supra.*

While the plaintiff appears to have been wronged and to
have lost her right to a share in her husband's estate, under
the law of this Commonwealth she has not stated a case for
equitable relief.  The demurrer is sustained and according
to the report a final decree is to be entered dismissing the
bill.

*Ordered accordingly.*