ELIZABETH M. COOMBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. HOWARD COOMBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44768, 44769. Promulgated April 27, 1932.

*S. R. Leap, Esq.,* for the petitioners.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

MATTHEWS: In the earlier proceeding brought by one of the petitioners here upon the same issue as to the years 1922, 1923 and 1924, we held that a partnership did not exist between this husband and wife for those years, saying:

The evidence here fails to establish any agreement to share the losses of the business; or that a relation of mutual agency existed between the parties; or that the petitioner's wife had any authority to act, or did act, in the name of the partnership. The written agreement came too late to affect the years before us. In any event, it contains at the most a recital of the conclusion that a previous oral contract of partnership was entered into, which conclusion was the subject of proof. It has not been substantiated by evidence sufficient to overcome the presumptive correctness of the Commissioner's determination. * * * [at 20 B. T. A., pp. 1025, 1026.]

A different situation exists for the years 1925 and 1926 now before us. Prior to the taxable years the two petitioners had entered into a written agreement of partnership, by the terms of which they agreed to engage as partners in the lumber business, and that at the end of each calendar year the net profits or net loss of the business should be determined and they would divide the net profits or net loss of the business between them equally. During the taxable years the net profits were credited or the net loss was debited at the end of each taxable period to these parties' capital accounts in equal amounts. The parties held themselves out to the public and traded as partners. Suits on debts owing to the lumber company were brought in the name of "J. Howard Coombs and Elizabeth M. Coombs, partners trading as J. Howard Coombs Lumber Company." On their income-tax returns they each reported one-half of the profits or deducted one-half of the loss. A part of the wife's money which had originally been invested in the business and carried as a loan became under the written agreement a part of the capital of the enterprise, subject to the risks of the business and entitled to share

in the profits. Upon the incorporation of the company stock was issued to the husband and wife in equal shares, which is corroborative of the fact that the wife had owned a one-half interest in the business.

The petitioner argues that the written agreement and the acts of the parties constituted the parties members of a partnership under the New Jersey law, and that a partnership between husband and wife is valid. In our view of the matter it is unnecessary to determine whether a partnership between a husband and wife can exist in New Jersey. The New Jersey statutes provide that the property of a married woman is her sole and separate property as though she were a single woman. 3 Comp. Stat. N. J. (1911, p. 3225). In the case of *Arthur Stryker*, 17 B. T. A. 1033, we held that where the evidence showed that the wife owned a one-third interest in a business in New Jersey, operated by her husband, she was taxable on one-third of the profits of such business and that it was unnecessary to decide in such a case whether a partnership between a husband and wife could exist in New Jersey. In the case of *Pugh* v. *United States*, 48 Fed. (2d) 600, where it was clear that under the West Virginia law a partnership between husband and wife is not recognized at law, the court held, nevertheless, that where the evidence showed a partnership relation between a husband and wife the partnership is not void, but that rights arising thereunder can be enforced in equity. It followed, therefore, in that court's opinion, that each of the members of the purported partnership was taxable on only his or her proportionate share of the profits. See also *J. E. Biggs, Sr.*, 15 B. T. A. 1092; *Albert G. Dickinson*, 23 B. T. A. 1211; and *J. W. Brackman*, 24 B. T. A. 259.

In the instant proceeding it is clear that the petitioner, Elizabeth M. Coombs, owned a one-half interest in the company's assets. We are, therefore, of the opinion that for the year 1925 each of the petitioners is taxable on only one-half of the profits earned by the lumber company and that for the year 1926 they are each entitled to deduct one-half of the loss sustained by the lumber company in that year.

*Judgment will be entered under Rule 50.*