ANNA E. RILEY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61066.   Promulgated October 24, 1933.

*F. J. V. Dakin*, *Esq.*, for the petitioner.
*F. A. Surine*, *Esq.*, for the respondent.

OPINION.

ADAMS: This proceeding involves the redetermination of petitioner's income tax liability for the year 1929. The respondent has asserted a deficiency in the amount of $4,981.11.

The facts are stipulated as follows:

The petitioner is an individual conducting a business under the name of Ace Art Company with her principal place of business at 12 Gould Street, Reading, Massachusetts. Her Federal income tax return was filed with the Collector of Internal Revenue for the district in which her business is located which is also her place of residence.

The petitioner during the year 1920 began the operation of the business conducted under the name of the Ace Art Company, which business consisted in the manufacture of art mounts for post cards, photographs, etc., and which has been continuously operated by her to and including the year 1929.

There is attached hereto as Exhibit A, a copy of the so-called married woman's certificate, which was filed by petitioner in 1920 under which petitioner conducted her business, which business at that time was conducted in the name of The Ace Manufacturing Company.

Prior to the year 1920, a business similar in kind to the business conducted by the petitioner, had been conducted as a partnership by petitioner's husband, Lester S. Riley and another individual. The said Lester S. Riley, early in 1920, sold his interest in the business to the other partner and restricted himself as to again engaging in a similar line of business. During the year 1920, the said Lester S. Riley was involved in litigation relating to the sale of said business, which litigation was terminated in the following year by a settlement in which all restrictions against engaging in business were removed.

Lester S. Riley, the husband of the petitioner, has supervised and managed the said business of the Ace Art Company since 1920.

The said Lester S. Riley invented a machine for making the product of the petitioner which was patented in the United States and foreign countries in the name of Lester S. Riley and which patents were owned by him. The machines made according to said patents were owned and used by the petitioner during the year 1929 as the means of manufacturing the product of the business and petitioner did not pay Lester S. Riley any royalties for the use of the machines, although said machines were very valuable to the business.

During the year 1929, the petitioner paid a salary of $19,800.00 to Lester S. Riley, her husband, which salary was reasonable in amount for the services performed by him during the year 1929. The amount of said salary was claimed as a deduction by the petitioner in her income tax return, for the year 1929.

A revenue agent examined the records of the petitioner and prepared a report, a copy of which is attached hereto as Exhibit B.

The Commissioner of Internal Revenue in determining the deficiency in tax for the year 1929, which is now in controversy, disallowed the salary of $19,-800.00 paid to Lester S. Riley, the husband of the petitioner.

The only issue the Board is called upon to decide is whether the said salary of $19,800.00 is deductible by the petitioner as an ordinary and necessary expense of the business.

The respondent admits the salary paid was reasonable in amount for the services actually performed; but contends it does not represent an ordinary and necessary expense "paid or incurred during the taxable year in carrying on any trade or business," [1] because the petitioner and her husband were residents of the State of Massachusetts, where a married woman is not authorized to make contracts with her husband,[2] and petitioner was under no legal obligation to pay her husband for his services. We are not impressed by this argument.

Whether the salary would be deductible if it had been incurred but not paid during the taxable year, and there was an executory contract to pay, is not before us and upon this question we express no opinion. The salary in question was *paid* by petitioner for personal services actually rendered during the taxable year. Her husband was general manager of the business. He had previously engaged in a similar business, was the inventor of the machinery used in the manufacturing process, and was, undoubtedly, a material

---

[1] Sec. 23, Revenue Act of 1928:

SEC. 23 DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) *Expenses*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

[2] General Laws of Massachusetts, 1921, ch. 209, secs. 2 and 6:

Section 2. A married woman may make contracts, oral and written, sealed and unsealed, in the same manner as if she were sole, except that she shall not be authorized hereby to make contracts with her husband.

* * * * * * *

Section 6. A married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife.

factor in producing the income realized from the business during the taxable year. The management of a large and active business is certainly an ordinary and necessary function. We do not think it material that the services were performed by petitioner's husband rather than by a stranger. That fact alone does not change their character and function.

Under Massachusetts laws the wife may own separate property, and petitioner had filed a married woman's certificate under which she conducted her business during the taxable year as a *femme sole* trader. The contract with her husband, if there was one, was fully executed and whether it would have been enforcible at law is immaterial. The title to the money passed from petitioner to her husband upon payment. It was not a gift. There was adequate consideration for the payment. The transaction was not illegal nor tainted with fraud, nor was it against public policy.

The disability of the husband and wife to contract with one another is for the protection of the wife. Cf. *Frankel* v. *Frankel*, 173 Mass. 214; 53 N.E. 398. The law does not authorize or encourage a contract, which might be inequitable or might result in domestic rift, but the condemnation goes no further than exclusion from legal cognizance, which is effective to place the transaction under the cognizance of the equity courts, where substantial justice between the parties may be done. Cf. *Ricker* v. *Ricker*, 24 Mass. 549; 143 N.E. 539; *Briggs* v. *Sanford*, 219 Mass. 572; 107 N.E. 436; *Ciarlo* v. *Ciarlo*, 244 Mass. 453; 139 N.E. 344; *Young* v. *Young*, 251 Mass. 218; 146 N.E. 574; *Woodward* v. *Woodward*, 216 Mass. 1; 102 N.E. 921. To put them on a par with contracts tainted with fraud or prohibited by positive law as being morally or economically vicious would be logically indefensible. Certainly the protection afforded the wife by the law was not meant to deprive her of the right of protecting her interest in property or hamper her in the proper conduct of her business. Where contracts of this character have become fully executed and no fraud is apparent, it is the policy of the law not to disturb them. In such cases both this Board and the courts have recognized such contracts and given effect to the rights of the parties which have been fixed thereby. See *Hamilton* v. *Commissioner*, 24 Fed. (2d) 668; reversing 7 B.T.A. 362; *Pugh* v. *United States*, 48 Fed. (2d) 600; *J. W. Brackman*, 24 B.T.A. 259; *Lewis E. Tifft*, 25 B.T.A. 986; *Warren MacPherson*, 19 B.T.A. 651; *Elizabeth M. Coombs*, 25 B.T.A. 1320; *L. F. Sunlin*, 6 B.T.A. 1232.

Being the owner of the business, petitioner was entitled to include the income therefrom in her separate return. *Poe* v. *Seaborn*, 282 U.S. 101. Certainly she is entitled to be taxed on her *net* income, and, in computing such net income, she is entitled to the same deductions from gross income as any other taxpayer who might be con-

ducting the business. We think the expenditure here in question was " ordinary and necessary " in connection with petitioner's business and is properly deductible under the statute. Any other construction would result in an unwarranted distortion of income.

The disallowance by the respondent of certain traveling expenses deducted in the return is acquiesced in by the petitioner.

*Decision will be entered under Rule 50.*