SAMUEL SHAPIRO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65158.   Promulgated February 2, 1934.

*T. Wilkins, Esq.*, for the petitioner.
*P. S. Crewe, Esq.*, for the respondent.

### OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax of $5,475.83 for 1929. The only matter in controversy is the correctness of the respondent's action in disallowing as a deduction taken by the petitioner the amount of $14,898.92 representing interest paid by petitioner to his wife on money borrowed from her. The other issue raised by the pleadings has been abandoned by the petitioner.

The proceeding was submitted upon a stipulation of facts, pertinent portions of which are as follows:

In 1925 petitioner, being a resident of Braintree, Massachusetts, began doing business there under the style and name of Braintree Shoe Company, which business was operated and owned by him as a sole proprietor. During the business year capital to a large extent was required for carrying on the activities of the company and petitioner at that time was not able to raise sufficient working capital to carry on the activities of the business and in order to make the necessary additions, improvements and betterments to his plant, such as the continued growth of the business required from time to time at various stated intervals during the year 1926 petitioner obtained from his wife, Ethel, also a resident of Braintree, Massachusetts, at the time, various sums of money as a loan totaling $186,236.44.

The petitioner's wife advanced the aforesaid sum of $186,236.44 to the petitioner and petitioner received the same as a loan from her and upon the express agreement between the petitioner and his said wife that he would pay her for the use of the money borrowed and repay her the principal amount at stated intervals. Petitioner's promise to repay this money was evidenced by a certain promissory note dated January 1, 1927 in the sum of $186,236.44, bearing interest from date at the rate of 8% per annum.

The $14,898.92 referred to in the Specifications of Error contained in the petition as amended, was paid by petitioner to his wife during the year 1929, was paid in pursuance of petitioner's said agreement to pay his wife interest at the rate of 8% upon the amounts advanced by her to him.

The petitioner in his individual income tax return for the calendar year 1929 claimed as a deduction in computing his taxable net income for that year the said amount of $14,898.92 which he had paid to his wife as aforesaid.

The Respondent in auditing the petitioner's return for the year 1929 and for the purpose of determining the deficiency set forth in the deficiency notice disallowed the aforesaid amount as a deduction in computing petitioner's net taxable income for the calendar year 1929.

The petitioner's wife, Ethel, filed a separate tax return for the calendar year 1929 and included therein in computing the income taxable to her for that year the sum of $14,898.92 received from her husband as interest, which is the amount involved in the instant case.

Petitioner and wife, to whom this interest was paid, were both residents of the State of Massachusetts at the time of all the transactions between them including the date of making the original loan in 1926, and at the time all interest payments were made by petitioner to his wife during the calendar year 1929.

The petitioner contends that, having during the taxable year paid the interest to his wife on money borrowed from her, he is entitled to have the amount thus paid allowed as a deduction in the determination of his net income. The position of the respondent is that although the interest was paid by the petitioner it is not deductible in determining his net income, since the statutes of Massachusetts do not authorize a married woman to make a contract with her husband.

In *Anna E. Riley*, 29 B.T.A. 160, we had before us the question of whether a married woman, a resident of Massachusetts, was entitled, in determining her taxable net income, to take a deduction for salary paid by her to her husband for his services as general manager of her business. The respondent there contended that under the statutes of Massachusetts a married woman was not authorized to contract with her husband, that she was under no legal obligation to pay him for his services and no deduction could be allowed. After examining the pertinent portions of the statutes of Massachusetts and the decisions of that state, we held that she was entitled to the deduction, saying:

Where contracts of this character have become fully executed and no fraud is apparent, it is the policy of the law not to disturb them. In such cases both this Board and the courts have recognized such contracts and given effect to the rights of the parties which have been fixed thereby. See *Hamilton* v. *Commissioner*, 24 Fed. (2d) 668; reversing 7 B.T.A. 362; *Pugh* v. *United States*, 48 Fed. (2d) 600; *J. W. Brackman*, 24 B.T.A. 259; *Lewis B. Tifft*, 25 B.T.A. 986; *Warren MacPherson*, 19 B.T.A. 651; *Elizabeth M. Coombs*, 25 B.T.A. 1320; *L. F. Sunlin*, 6 B.T.A. 1232.

Being the owner of the business, petitioner was entitled to include the income therefrom in her separate return. *Poe* v. *Seaborn*, 282 U.S. 101. Certainly she is entitled to be taxed on her *net* income, and in computing such net income, she is entitled to the same deductions from gross income as any other taxpayer who might be conducting the business.

Here the petitioner, pursuant to a contract with his wife, paid the interest on money borrowed from her in a transaction in which there is no fraud apparent. In so far as the interest in controversy is concerned the contract was fully executed, just as in the *Riley* case. Under section 23 (b) of the Revenue Act of 1928 a taxpayer is entitled to deduct all interest paid, with an exception which is not here material. If a wife, a resident of Massachusetts, is entitled to deduct a salary paid to her husband pursuant to her contract, we perceive no reason why in the instant case a husband, the petitioner, is not entitled to deduct interest paid to his wife pursuant to a contract for the payment of such interest on money borrowed from her. We think our decision in the *Riley* case is applicable here and accordingly sustain the contention of the petitioner.

*Judgment will be entered under Rule 50.*